UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DAVID HERMAN BOOCK,<br><br>　　　　　　Defendant. | Case No. 1:16-cr-272-BLW-1<br><br>**REPORT AND**<br>**RECOMMENDATION** |

On November 30, 2016, Defendant David Herman Boock appeared before the undersigned United States Magistrate Judge for his initial appearance and arraignment on the Information (Dkt. 1) and to enter a plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to prosecution by indictment and a waiver of the right to have the presiding United States District Judge take his plea. The Court explained to the Defendant the nature of the charges contained in the Information, the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

REPORT AND RECOMMENDATION - 1

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. In this case, the Government did not file a motion for detention or request detention pending imposition of sentencing, but supported release on the conditions recommended by the Pretrial Services Officer. The Defendant has been on pretrial supervision for over 18 months in connection with the related state charges since he was arrested in April of 2015. The Government indicated it has no reason to believe Defendant's release pending sentencing would present either a risk of nonappearance or a danger to the community, if he abides by the recommended conditions. Defendant is 63 years of age and has no criminal history (other than the related state charges), and there is no indication of non-compliance by Defendant with state pretrial supervision, including drug testing, from the time of his release on the state charges in April of 2015 and to date. Defendant is recovering from recent surgeries and will be seeking employment while on release. He also has been participating in Narcotics Anonymous for the past approximately 18 months.

Under the circumstances of this case, the undersigned finds exceptional reasons

REPORT AND RECOMMENDATION - 2

have been shown such that detention pending sentencing is not appropriate. However, Defendant must abide by all standard and additional conditions of release as set by the undersigned at the conclusion of the plea hearing.

### RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)  The District Court accept Defendant Boock's plea of guilty to Count One of the Information;

2)  The District Court order forfeiture consistent with Defendant Boock's admission to the Criminal Forfeiture allegation in the Information and the Plea Agreement; and

3)  Defendant Boock remain on release pending sentencing, subject to the strict conditions of release ordered November 30, 2016.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: November 30, 2016

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 3